IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HELEN AUSTIN, ET AL                                                    PLAINTIFFS

V.                                                    CIVIL ACTION NO. 3:06CV96-A-A

THE SCHMIDT AND McGARTLAND FIRM,
ET AL                                                                  DEFENDANTS

ORDER

In this case, where plaintiffs claim entitlement to punitive damages, they have moved to compel defendants to have available for production at trial information related to defendants' financial condition and net worth due to the fact that there is a claim by plaintiffs for punitive damages. The plaintiffs have, via requests for production, sought numerous financial records and documents relating to the defendants' financial condition and net worth for the years 2002 to the present – profit and loss statements for each year (request for production no. 13), balance sheets (request for production no. 14), financial statements showing net worth (request for production no. 19), and federal 1040 forms (request for production no. 24). The defendants have not flatly rejected the requests, but contend that they do not have some of the information requested. Suffice it to say that the parties have not been able to agree on the propriety or extent of the requests

Plaintiff correctly argues that the defendants' net worth is relevant and falls within the permissible scope of discovery. The defendants have responded that they are willing to comply with the requests at a time and in the manner that the court deems appropriate. The defendant

1

also argues, correctly, that a conclusory demand for punitive damages is normally insufficient to require disclosure of sensitive financial data. The plaintiff's claims must "allege a set of circumstances which will demonstrate to the [c]ourt at least a real possibility that punitive damages will be at issue." *Chenoweth v. Schaaf*, 98 F.R.D. 587, 589 (W.D. Pa. 1983). However, because the plaintiff sets forth detailed facts in support of the punitive damages claim, the court holds that the claim is not merely conclusory. Even if the plaintiff is not ultimately awarded punitive damages, they may certainly be at issue.

The discovery rules clearly state that discoverable information "need not be admissible," Fed. R. Civ. P. 26(b)(1), and courts have held that financial records, such as a company's net worth statement, are discoverable even though they may not be admissible at trial unless the plaintiff is able to make a prima facie case for an award of punitive damages. *Bessier v. Precise Tool & Engineering Co.*, 778 F. Supp. 1509, 1514 (W.D. Mo. 1991). Although the court is sympathetic to the defendants' concerns regarding privacy and confidentiality, the court is aware of a previous case in this district in which a trial had to be delayed to locate and update a previously sealed net worth statement. Due to the sensitive nature of the information, the defendant is ordered to file copies of the requested information, to the extent that the information is available in the regular course of business, in this court under seal by May 15, 2008. Defendants shall provide a copy of the sealed documents to plaintiffs' counsel, who may examine the documents[1] but who is prohibited from revealing the contents of the documents to any other person, including plaintiffs. Plaintiffs' counsel is ordered to treat the information as

---

[1] It is logical that plaintiff's counsel should have some idea of the nature and extent of the net worth of the defendants going into the trial; moreover, if the documentation presented is deficient, plaintiff's counsel should have the means to correct that before trial.

strictly confidential until such time as it may be offered in evidence at the trial.  If and when the evidence is ruled admissible at trial, the defendants must have a current and updated statement readily available.

The plaintiff seeks costs and attorney fees with respect to the preparation of the instant motion.  FED. R. CIV. P. 37 (a)(5)(A) states "the court must not order this payment if the opposing party's nondisclosure, response, or objection was substantially justified."  Pursuant to Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure, "if the disclosure or requested discovery is provided after the motion was filed, the court shall, . . . require the party . . . whose conduct necessitated the motion . . . to pay the moving party reasonable expenses incurred in making the motion, including attorney's fees." Fed. R.. Civ. P. 37(a)(4)(A).  Such sanctions are automatic. *Vance v. TPI Corp.*, Civil Action No. 3:94cv145-S-A (N.D. Miss. 1995).  The self-executing nature of these sanctions, for failure to produce information in response to discovery requests, provides a strong inducement for adhering to the rules of discovery.   The court finds that the defendants have not complied, but are not completely unwilling to do so.  Nevertheless, the plaintiffs submission that the defendants have been less than forthright in their production of documents has merit.  Accordingly, the plaintiffs' motion for fees and expenses associated with the instant motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, is granted.  It is, therefore,

ORDERED  that the plaintiffs' motion to compel is granted.  To the extent that the defendant requested in its response to the motion to compel a protective order limiting the scope of discovery, it is denied.  All information produced by defendants pursuant to this order must be held in strictest confidence or in the event that confidence is breached, sanctions may be

imposed.

IT IS FURTHER ORDERED that the defendant shall bear the plaintiff's reasonable expenses incurred by filing her initial motion to compel. Plaintiff shall submit an itemization of all reasonable expenses, including attorneys' fees, incurred in connection with the motion to compel within ten (10) days of the date of this order. Defendant may file objections to this itemization within twenty (20) days of the date of this order. If no objections are filed, plaintiff's' itemization of fees and expenses will be deemed reasonable, and defendant shall tender to plaintiff an amount equal to their total costs within thirty (30) days of this order.

THIS, the 8th day of April, 2008.

                                            /s/ S. ALLAN ALEXANDER
                                          UNITED STATES MAGISTRATE JUDGE