IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HELEN AUSTIN, individually and
on behalf of the Estate of NATHANIEL PHIPPS,
DECEASED, and EUNICE RICHARDSON,
individually                                                         PLAINTIFFS


V.                                                                   CIVIL ACTION NO.
                                                                     3:06-CV-96-SA-SAA

MCGARTLAND & BORCHARDT, LLP,
and MICHAEL P. MCGARTLAND                                            DEFENDANTS


**ORDER**

Defendants' McGartland & Borchardt, LLP, et al, seek an order striking the plaintiffs' first and second supplemental disclosures of core information [docket no. 92]. The defendants contend that plaintiffs' supplementary disclosures of core information on March 12, 2008 and March 14, 2008 were untimely because the disclosures occurred shortly before the discovery deadline of March 17, 2008.

This is a legal malpractice case against the defendants growing out of their representation of plaintiffs in a negligence suit against a nursing home for the care provided to Nathaniel Phipps. In Mississippi, to prevail on a claim of legal malpractice, a plaintiff must demonstrate that "but for" the attorney's malpractice, the plaintiff would have prevailed on the issue. This is termed the "case within a case" approach and requires the plaintiff to demonstrate "(1) the existence of an attorney-client relationship, (2) negligent handling of the client's affairs by the attorney, and (3) that such negligence proximately caused injury to the client." *Blanton v. Prius*, 938 So. 2d 847, 851 (Miss. Ct. App. 2005) (citing *Luvene v. Waldrup*, 903 So.2d 745, 748 (Miss. 2005)). Consequently, the documents, witnesses and evidence that were prepared,

identified and gathered by the defendants for the underlying nursing home negligence case are material to the legal malpractice claim at issue here.

Defendants object to the plaintiffs' supplemental disclosure of fourteen witnesses on the basis that the witnesses disclosed was previously unknown to the defendants, and disclosure so close the discovery deadline was untimely and prejudicial. The court has reviewed the record, including: (1) defendants' supplemental discovery disclosures in this case dated October 19, 2007 and January 14, 2008; (2) defendants' discovery disclosures in the underlying nursing home malpractice case on December 2, 2004; (3) plaintiffs' responses to interrogatories dated November 8, 2007, and (4) plaintiff's discovery response dated December 19, 2007. Defendants clearly knew the identities and importance of the majority of the witnesses specifically identified by the plaintiffs in their supplemental disclosures because those witnesses related to the underlying nursing home malpractice case, which defendants were hired by plaintiffs to prepare. Indeed, in the underlying nursing home malpractice case in 2004, the defendants identified or planned to call twelve of the fourteen identified witnesses. Of those twelve witnesses, only six individuals had not been identified in this case by either the plaintiffs or the defendants before plaintiffs' supplemental disclosures in March, 2008. Thus, plaintiffs' supplemental disclosures identifying those twelve individuals should not have been a complete surprise to the defendants.

Although two witnesses, John Hilderbrand and Michael Wall, were not previously identified in court documents by the plaintiffs (or defendants) before plaintiffs' supplemental disclosures in March, 2008, Hilderbrand and Wall are known to the defendants. Hilderbrand was identified in a 2001 memo to defendant McGartland has having information relevant to the nursing home litigation. Wall, an attorney, provided defendants with a referral for the

bankruptcy work performed by another witness ( Joe Pegram) on behalf of the plaintiff in the underlying nursing home litigation. Although these disclosures were made just a few days before the discovery deadline, they nevertheless were made prior to the deadline and thus were timely. Finally, the trial date in this case is February 2, 2009; there is adequate time to depose the parties identified in the plaintiffs' supplemental disclosures before trial. For these reasons, it is

ORDERED

That defendants' motion to strike plaintiffs' first and second supplemental pre-discovery discourses of core information is DENIED.

THIS, the 9th day of July, 2008.

/s/ S. Allan Alexander

U.S. MAGISTRATE JUDGE