IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HELEN AUSTIN, individually and
on behalf of the Estate of NATHANIEL PHIPPS,
DECEASED, and EUNICE RICHARDSON,
individually                                                                PLAINTIFFS


V.                                                                          CIVIL ACTION NO.
                                                                            3:06-CV-96-SA-SAA


MCGARTLAND & BORCHARDT, LLP,
and MICHAEL P. MCGARTLAND                                                   DEFENDANTS


**ORDER**


Plaintiffs seek an order partially striking defendants' expert designations [docket no. 63]. This is a legal malpractice against the defendants growing out of their representation of plaintiffs in a negligence suit against a nursing home for the care provided to Nathaniel Phipps. On March 8, 2005, the United States District Court for the Northern District of Mississippi granted a motion for summary judgment for the nursing home and dismissed the case with prejudice. Plaintiffs subsequently filed this claim of legal malpractice.

In Mississippi, to prevail on a claim of legal malpractice, a plaintiff must demonstrate that "but for" the attorney's malpractice, the plaintiff would have prevailed on the issue. This is termed the "case within a case" approach and requires the plaintiff to demonstrate "(1) the existence of an attorney-client relationship, (2) negligent handling of the client's affairs by the attorney, and (3) that such negligence proximately caused injury to the client." *Blanton v. Prius*, 938 So. 2d 847, 851 (Miss. Ct. App. 2005) (citing *Luvene v. Waldrup*, 903 So.2d 745, 748 (Miss. 2005)).

Defendants served their expert designations on February 15, 2008 – the court-imposed deadline for their expert designation disclosure. Within their disclosure, defendants identified experts relevant to both the claim of legal malpractice and to the underlying claim of negligence against the nursing home. Plaintiffs object to six of defendants' seven expert designations on the basis that they do not comport with the requirements of Rule 26(A)(2) of the Federal Rules of Civil Procedure. Defendants designated five experts who had been scheduled to appear in the underlying nursing home negligence lawsuit, but did not update certain information contained in the 2004 expert reports. Plaintiffs' objection is that certain information contained in the expert's reports is outdated. Plaintiffs specifically object to the fact that (1) the experts' list of authored publications does not include those in the past ten years; (2) the listing of lawsuits in which the experts have testified does not include those in the past four years; and (3) the experts' stated fees for their services are not current. Plaintiffs do not object to the opinions themselves or the basis for those opinions contained within the experts' reports. Defendants filed supplemental designations on March 5, 2008, and respond that information concerning the experts for the underlying negligence claim is current and conforms to the requirements of Rule 26(A)(2)(B). The discovery deadline for this case was March 17, 2008.

Plaintiffs also ask the court to strike the designation of Michael McGartland, attorney defendant in this case, on the grounds that no written report was submitted with the expert designation, as required under Rule 26(a)(2)(B). Defendants correctly respond that a written report is only required for an expert witness if he is retained or employed by the designating party to provide expert testimony.

Under Rule 26(a)(2)(A), a party must disclose to the other parties the identity of any witnesses it plans to call at trial to present expert testimony. Further, Rule 26(A)(2)(B) requires that the expert designation

> must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> i   a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> ii   the data or other information considered by the witness in forming them;
>
> iii   any exhibits that will be used to summarize or support them;
>
> iv   the witness's qualifications, including a list of al publications authored in the previous 10 years;
>
> v   a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
> vi   a statement of compensation to be paid for the study and testimony in the case.

Under Rule 26(e)(1)(B) the parties have a duty to supplement these disclosures and must do so as ordered by the court. The case management order in this case [Doc. # 20] specifically states that

> [t]he expert designation deadline is simply the <u>last</u> date by which a party must provide all Federal Rule of Civil Procedure 26(a)(2) information and expect to be allowed to introduce it at trial. (Emphasis in Rule).

If a party fails to make a disclosure under Rule 26(a) or (e) Rule 37(c)(1) prohibits the party from using the witness at trial unless the failure was substantially justified or is harmless. In determining whether a violation is harmless, the court considers (1) the explanation, if any, for the non-disclosing party's failure to comply with the rule; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility of curing any prejudice by granting a

continuance; and (4) the importance of the witnesses's testimony.  *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).  The party that failed to make the disclosure has the burden of demonstrating that the failure was harmless.  *Current v. Atochem North America, Inc. ELF*, No. W-00-CA-332, WL 36101282 at *2 (W.D. Tex. Sept. 18, 2001).

Plaintiffs object to defendants' expert designations regarding the nursing home negligence case within the legal malpractice case on grounds that those designations were not complete as of defendants' February 15, 2008 deadline for disclosure of its experts, and request the court to strike those designations.  In order to strike them, the court must determine that the designations were not in compliance with Rule 26(a)(2)(B).  The written reports for defendants' nursing home negligence experts did not fulfill the requirements of Rule 26(a)(2)(B) because the written report did not include a complete list of authored publications in the past ten years, a list of lawsuits in which the experts participated in the past four years or an itemization of the experts' current professional fees.  Therefore, the nursing home negligence experts may be stricken under Rule 37(c)(1) if the court finds that the noncompliance with Rule 26(a)(2)(B) is harmful.

The court finds defendants' noncompliance with the requirements of Rule 26(a)(2)(B) to be harmless for the following reasons.  First, the defendants' explanation for the filing of the outdated information that related back to the nursing home negligence lawsuit was an understandable, albeit sloppy, oversight.  Second, the plaintiffs will suffer little, if any, prejudice if the experts are allowed to testify because the opinions contained in the reports were complete at the time of disclosure.  The most critical portion of an expert report is the statement of the expert's opinion and the basis for the opinion.  *See Campbell v. McMillin*, 83 F.Supp.2d 761, 764

(S.D. Miss. Feb. 11, 2000). Plaintiffs do not object to the completeness of the experts' opinions or their foundations. Finally, it is necessary for both the plaintiffs and the defendants to present evidence in the nursing home negligence case within the instant case, which includes the use of expert testimony. Striking the defendants' expert witnesses for the nursing home negligence lawsuit would be an unusually drastic measure and would significantly impair the defendants' ability to present their case.

Defendants did supplement their expert designations with information concerning the experts' professional activities and fees before the discovery deadline, but this late supplementation did not comport with the specific directives contained in the case management order. Consequently, defendants will be prohibited from offering into evidence at trial any of the information not produced to plaintiffs by the expert designation deadline, including the belated supplementations.

Plaintiffs assert that defendants' designation of defendant Michael McGartland as an expert in this matter requires service of a written report in order to comply with the requirements of Rule 26(a)(2)(B). This requirement, however, comes into play only "if the witness is one retained or specially employed to provide the expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." A plain reading of the rule dictates that the court find that no expert opinion report is required if the defendants name one of themselves as an expert witness. For these reasons, it is

ORDERED

That plaintiffs' motion to partially strike defendants' expert designations is **GRANTED** only to the extent that defendants will be prohibited from introducing any expert information provided after expiration of the expert designation deadline; otherwise the motion is **DENIED.**

THIS, the 9th day of July, 2008.

　　　　　　　　　　　　　　　　　　　__/s/ S. ALLAN ALEXANDER_____
　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE